**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE E-MAIL ACCOUNT SERVICED BY GOOGLE LLC | ML No. 20-1137 |

*Reference:*     *DOJ Ref. # CRM-182-70824; Subject Account: zamanakarsi07@gmail.com*

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty on Extradition and Mutual Assistance in Criminal Matters between the United States of America and the Republic of Turkey, Turk.-U.S., June 7, 1979, 32 U.S.T. 3111 (hereinafter, the "Treaty"), to execute a request from the Republic of Turkey ("Turkey"). The proposed Order would require Google LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, California, to disclose certain records and other information pertaining to the PROVIDER account associated with **zamanakarsi07@gmail.com**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.     Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Treaty art. 25(4) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.     Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Turkey's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the

---

[1]  The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Turkey in connection with a criminal investigation and/or prosecution.

4.       A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.       Authorities in Turkey are investigating an unknown suspect(s) for a computer intrusion offense, which occurred on or about March 5, 2019, in violation of the criminal law of Turkey, specifically, Article 243 of the Turkish Criminal Code.  A copy of the applicable law is appended to this application.  The United States, through the Office of International Affairs, received a request from Turkey to provide the requested records to assist in the criminal investigation and/or prosecution.  Under the Treaty, the United States is obligated to render assistance in response to the request.

6.       According to authorities in Turkey, on or about March 5, 2019, at 8:00 a.m., a business owner in Turkey (the "Victim") had problems powering on his computer server to access his business's data files.  The Victim called his computer technician to examine the computer server, and when the technician opened the main server, he discovered that all the Victim's data and files had been encrypted and were inaccessible.

7.        Once the technician was able to turn on the server computer, he discovered that an unknown person (the "Suspect") had left a message on the computer.  In this message, the Suspect explained that all the Victim's files and backup files had been encrypted, and that in order to recover the decrypted files, the Victim must make a payment to the Suspect in bitcoin or another cryptocurrency that was equivalent to USD 3,000.

8.        The Suspect listed various types of cryptocurrency that would be acceptable means of payment and instructed the Victim to contact the Suspect at the e-mail account **zamanakarsi07@gmail.com** once the Victim was ready to transfer the currency.  The Suspect also explained that once the Victim made payment, the Suspect would explain the weaknesses of the Victim's computer system and explain how the Suspect hacked into it.

9.        The Victim did not contact the Suspect and filed a complaint with the police around 1:00 p.m. the same day.

10.        Authorities in Turkey seek certain records associated with the e-mail account **zamanakarsi07@gmail.com**, to help identify and locate the perpetrator(s) of this computer intrusion offense.

11.        PROVIDER services the e-mail account **zamanakarsi07@gmail.com**.

## **REQUEST FOR ORDER**

12.        The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Turkey identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:

Alex B. Mitchell
Trial Attorney
DC Bar Number 1010731
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C.  20530
(202) 616-3461 telephone
(202) 514-0080 facsimile
Alex.Mitchell@usdoj.gov

## Relevant Provision of the Turkish Criminal Code

**Article 243**

(1) Any person who unlawfully accesses, partially or fully, a data processing system, or remains within such system, shall be subject to a penalty of imprisonment for a term of up to one year or a judicial fine.

\* \* \*

(3) Where any data within any such system is deleted or altered as a result of this act, then the penalty to be imposed shall be a term of imprisonment of six months to two years.